UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUE-ANNE O. M., | : | CIVIL NO. 3:20-cv-00301 |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| *Defendant.* | : | |

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

Pending before this Court is Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b)(1) of the Social Security Act (the "Act"). ECF. No. 24. Defendant, Commissioner of Social Security ("Commissioner" or the "Administration") filed a response in its limited role as a quasi-trustee, setting forth the history of the case and applicable standard for the Court's consideration. ECF No. 25. For the reasons that follow, the Plaintiff's Motion is GRANTED.

**I.   PROCEDURAL BACKGROUND**

Attorney Richard B. Grabow represents Plaintiff in this action commenced on March 5, 2020, seeking judicial review of the Commissioner's unfavorable decision denying Plaintiff Social Security Disability benefits. *See* ECF No. 1. Plaintiff sought reasonable extensions of time on only two occasions: seeking five extra weeks to file her Motion to Reverse the Commissioner's decision and two extra weeks to file her reply brief. ECF Nos. 12, 16. On September 22, 2021, the Court granted the Plaintiff's Motion to Reverse the Decision of the Commissioner, remanding the case for further proceedings. ECF No. 20.

On November 1, 2021, Plaintiff and the Commissioner filed a joint stipulation for a $6,000 attorney's fee award under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 22. On November 2, 2021, Judge Covello entered an order approving the stipulated

1

EAJA award. ECF No. 23.

Attorney Grabow has represented Plaintiff since November 2018 through all phases of her claim for benefits, including the initial hearing, the appeal to the Appeals Council, the appeal to the United States District Court, and the re-hearing of her claim upon remand to the Social Security Administration. *See* ECF No. 24-3, ¶ 3. On July 28, 2022, on remand, Plaintiff received a favorable final decision. *See id.* at ¶ 4.

On August 20, 2022, the Administration issued a Notice of Award, advising that it was withholding 25% of the total past-due benefits, or $35,226.28, for the satisfaction of attorney's fees pursuant to Section 206(b) of the Act. ECF No. 24-2. Plaintiff advised the Court that, as of August 26, 2022, the Administration would also pay, but had not yet paid, "well-over" $50,000 in benefits owing to Plaintiff's dependent child. ECF No. 24-3, n.1.

On August 26, 2022, Attorney Grabow filed the pending motion seeking $35,226.28 of attorney's fees. ECF No. 24.

**II.    LEGAL STANDARD**

Pursuant to 42 U.S.C. § 406(b)(1), "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of the judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A). That fee is capped, however, and may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." *Id.* Attorney fee awards under § 406(b) of the Act are paid directly out of the plaintiff's past-due benefits to his attorney pursuant to the terms of their contingency agreement. *Id.*; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795-76 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ["*Wells II*"] (holding that "the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluation a reasonable fee under § 406(b)."); *Gray v. Berryhill*, No. 15-cv-949 (RJA), 2018

WL 5924747, at *2 (W.D.N.Y. Nov. 13, 2018) (holding that "[f]ees requested pursuant to § 406(b) come from the attorney's client's recovery. They do not come, as they do in the EAJA context, from the public fisc.").

The effect of § 406(b) "is threefold. It fix[es] a maximum percentage for contingent fees; [it] permit[s] recovery of such fees only out of past due benefits; and [it] require[s] court approval for whatever amount of such fees should be paid." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988) (citations and internal quotation marks omitted). Accordingly, when considering a fee application under § 406(b), "a court's primary focus should be on the reasonableness of the contingency in the context of the particular case; and the best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation." *Wells II*, 907 F.2d at 371.

The Court is thus tasked with determining the reasonableness of a fee award under 42 U.S.C. § 406(b). *See Gisbrecht*, 535 U.S. at 807; *Wells II*, 907 F.2d at 372. The Court must consider: (1) whether the amount requested exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. *Wells II*, 907 F.2d at 372.

The Second Circuit recently articulated the standards for determining whether an award constitutes a windfall in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). In *Fields*, the Court stated that determining whether a fee request under § 406(b) is a windfall requires consideration of more than the *de facto* hourly rate. *Id.* at 854. Among the factors that a court must consider are "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or well-trained lawyers might take far longer to do." *Id.* In addition, a court must consider "the nature and length of the

3

professional relationship with the claimant." *Id.* at 855. A third factor that a court must consider is "the satisfaction of the disabled claimant." *Id.* Finally, a court must consider "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.*

As the Second Circuit noted, "even a high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case" *Id*. at 854. "In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Wells II*, 907 F.2d at 371. Accordingly, a reduction is appropriate only when [the court] finds the [fee] amount to be unreasonable." *Id.*

### III.   APPLICATION

In this case, Plaintiff's counsel seeks an award in the amount of $35,226.28, which represents 25% of the total past-due benefits owed to the Plaintiff, before taking into account the significant amount attributable to Plaintiff's dependent child. Plaintiff's counsel who received an EAJA fee of $6,000.00 states that he will refund the EAJA fee to Plaintiff. ECF No. 24-3 ¶¶ 10-11.

Moving to the three *Wells II* factors, it is undisputed that this requested amount does not exceed the statutory cap. In addition, there is no evidence of fraud or overreaching. The Administration has not objected to the fee agreement or the amount of the award and instead defers to the Court. ECF No. 25. Regarding windfall, the Court will adopt the Commissioner's calculation of the *de facto* hourly rate, which only includes those hours compensable under the EAJA. *See Kimberly L. S. v. Saul*, No. 3:18-cv-01528 (SALM), 2021 WL 5937642, at *3 (D. Conn. Dec. 16, 2021). Plaintiff's counsel spent a total of 32 attorney-hours of work on the Plaintiff's case; thus, the *de facto* hourly rate is $1,100.82. ECF No. 24-3, ¶ 8.

Applying the four *Fields* factors to this case, the Court concludes that the requested fee is

reasonable. First, the Plaintiff's counsel is able and experienced. Attorney Grabow has practiced in this area of law for thirty-five years. *See* http://www.richardgrabowlaw.com/richard_grabow_bio.asp (last visited May 17, 2023). Regarding Plaintiff's counsel's efficiency, in his 32 hours spent on this case, he digested a 689-page administrative record (ECF No. 10), performed legal research (*see* ECF No. 24-4), filed a 13-page brief (ECF No. 14-1), a 9-page statement of material facts (ECF No. 14-2), and a 6-page reply (ECF No. 18), and secured a Sentence Four remand (*see* ECF No. 20), which ultimately resulted in a favorable award to his client of past-due benefits (ECF No. 24-2). Furthermore, the significant investment of time and effort in Plaintiff's case at the agency level could only have further enabled Attorney Grabow to operate with efficiency in the federal courts. *See Fields*, 24 F.4th at 855 (finding that legal work at the agency level likely increased counsel's efficiency in the federal courts).

Second, Plaintiff's counsel had a professional relationship with the claimant that began in November 2018 and encompassed the initial hearing, the appeal to the Appeals Council, the appeal to the United States District Court, and the re-hearing before an ALJ that resulted in a favorable decision. *See* ECF No. 24-3, ¶ 3.

Third, regarding Plaintiff's satisfaction, Plaintiff stands to receive a substantial award of past-due benefits as well as ongoing monthly benefits. *See* ECF No. 24-2, 2-3. Significantly, despite Attorney Grabow's retainer agreement providing for the payment of 25% of any past-due benefits awarded to Plaintiff *or her family*, Attorney Grabow has affirmed that he does not seek any portion of the "well-over" $50,000 awarded for Plaintiff's minor child. *See* ECF No. 24-1, 1; ECF No. 24-3, n.1. Together with her dependent child, Plaintiff stands to receive over $120,000 after attorney's fees. As such, the Plaintiff's counsel's work under the contingent fee agreement ultimately resulted in a favorable award to her client. In addition, like *Fields*, the claimant here,

who has a direct financial stake in the fee determination, evidently has not objected to the requested fees, and neither has the defendant. ECF No. 25; *see Fields*, 24 F.4th at 855.

Lastly, regarding the uncertainty of the result, without counsel's efforts that resulted in a remand and, ultimately, a favorable ruling, it is likely that this outcome would not have been achieved. *See Daniels v. Comm'r of Soc. Sec.*, No. 20-cv-00430 (PKC), 2022 WL 2918236, (E.D.N.Y. July 25, 2022) (reasoning that the Court's ultimate findings were not certain although it was "readily discernable from the ALJ's decision" that remand was necessary). Lawyers who operate on contingency—even the very best ones—lose a significant number of their cases and receive no compensation when they do.

In deciding whether the fees requested by Plaintiff's counsel amount to a windfall, the Court considers the *de facto* hourly rate of $1,100.82 alongside the four *Fields* factors. This hourly rate is within the range of what has previously been accepted in this Circuit. *See generally Bate v. Berryhill*, No. 18-cv-01229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (discussing that "a substantial number of cases in this Circuit have also resulted in *de facto* hourly rates that exceed $1000"). Considering all these factors, the Court concludes that the fee requested by the Plaintiff's counsel does not amount to a windfall and is reasonable.

The remaining part of the *Wells II* analysis is whether the Plaintiff's counsel's § 406(b) Motion was timely filed. Under the circumstances of this case, the parties conclude that it was, and the Court agrees.

## IV.   CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) in the amount of $35,226.28 minus the $6,000 EAJA fee is GRANTED.

*/s/ Maria E. Garcia*
Hon. Maria E. Garcia
United States Magistrate Judge

Date: May 31, 2023